IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RICKY LAMAR HOGAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:23-CV-00103-MTT-CHW |
| | : | |
| JOHN AND OR JANE DOES, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

Plaintiff Ricky Lamar Hogan, an inmate presently incarcerated in the Hancock State Prison in Sparta, Georgia, has filed a *pro se* pleading that has been docketed as an emergency motion for an injunction (ECF No. 1).  For the following reasons, it is **RECOMMENDED** that Plaintiff's motion be **DENIED.**  Plaintiff must also pay the filing fee or submit a proper and complete motion for leave to proceed *in forma pauperis* and recast his Complaint on the Court's standard form if he wishes to proceed with his claims.

### DISCUSSION

### I.      Motion for Emergency Injunction

Plaintiff has filed a motion seeking an "emergency injunction" requesting that this Court take immediate action to grant him relief.  Mot. Inj. 1, ECF No. 1.  This type of preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint.  *See, e.g., Cate v.*

*Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).   Factors a movant must show to be entitled to preliminary injunctive relief include: (1) a substantial likelihood of ultimate success on the merits; (2) the injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction would inflict on the non-movant; and (4) the injunction would serve the public interest.   *See, e.g., Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam).

Plaintiff does not clearly address these factors in his motion.   Rather, Plaintiff states that he is "an actual and continuance victim of a criminal and unconstitutional conspiracy" that "will and shall result in that of my physical death if immediate federal judicial and protection isn't immediately afforded me of and by this court."   *Id.*   Plaintiff further contends that this conspiracy "involves direct constitutional violations, human rights crimes, conspiracy to commit murder, attempted murder, and other commission of non-stop ongoing systematic patterns of federal crimes, and continuance constitutional violations and civil rights crimes being carried out against me and to me, non-stop."   *Id.* Other than these vague statements, however, Plaintiff does not describe the nature of the danger he faces or provide any details about the alleged constitutional violations he has experienced.   At this juncture, the facts have therefore not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits.   Furthermore, the Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations.   *See generally* Fed. R. Civ. P. 65.

2

Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds.   Plaintiff's motion for an emergency injunction should therefore be denied.

## II.  Order to Recast Complaint and Submit Filing Fee or Motion for Leave to Proceed *in Forma Pauperis*

In addition, although Plaintiff filed a case in this Court, he did not pay the filing fee or file a proper motion to proceed without the prepayment of the filing fee.   A prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).   Without a motion and this account statement (or similar certified documentation from the prison), the Court does not have sufficient information to determine whether Plaintiff is entitled to proceed *in forma pauperis* or to calculate the average monthly deposits or the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915.   *See id.* (requiring the district court to assess an initial partial filing fee when funds are available).   Accordingly, Plaintiff is **DIRECTED** to submit a proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement.   The Clerk is **DIRECTED** to provide Plaintiff with the appropriate forms for this purpose, marked with the case number of the above-captioned action.

Plaintiff is also **DIRECTED** to file his complaint on a standard § 1983 form.   This complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.   Plaintiff must then list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights. Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese.   If, in his complaint Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.   Likewise, if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.   The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff.

Plaintiff is cautioned that the opportunity to file a complaint is not an invitation for him to include every imaginable claim that he may have against any state official.   Plaintiff will not be permitted join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure.   Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) pay the required $402.00 filing fee or file a proper motion to proceed without the prepayment of the filing fee, to include a certified copy of his prison trust account information, and (2) to file his complaint with the Clerk of Court as described above.

4

### III.    Conclusion

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's motion for an emergency injunction (ECF No. 1) be **DENIED.**   Plaintiff shall also have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) pay the required $402.00 filing fee or file a proper motion to proceed without the prepayment of the filing fee, to include a certified copy of his prison trust account information, and (2) to file his complaint with the Clerk of Court as described above.   **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.**   Plaintiff is further **DIRECTED** to notify the Court of any change of address.   There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 5th day of May, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge