IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RICKY LAMAR HOGAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 5:23-CV-00103-MTT-CHW |
| | : | |
| **JOHN AND OR JANE DOES,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

Presently pending before the Court are claims filed by *pro se* Plaintiff Ricky Lamar Hogan, an inmate presently incarcerated in the Hancock State Prison in Sparta, Georgia. On May 5, 2023, it was recommended that Plaintiff's motion for a preliminary injunction be denied, and Plaintiff was ordered to file a complaint on the Court's standard form and either pay the Court's filing fee or submit a motion for leave to proceed *in forma pauperis*. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply could result in the dismissal of this case. *See generally* Order, May 5, 2023, ECF No. 3.

The May 5th Order was returned to the Court as undeliverable because it contained the wrong GDC identification number. The order was therefore re-mailed to Plaintiff on May 30, 2023, and Plaintiff was given an additional fourteen (14) days from that date to comply with the May 5th Order. Plaintiff was also again warned that the failure to fully

and timely comply with the Court's orders and instructions could result in dismissal of this case. *See generally* Order, May 31, 2023, ECF No. 5.

The time for compliance passed without a response from Plaintiff. As such, Plaintiff was ordered to respond and show cause why his lawsuit should not be dismissed for failing to follow the Court's orders and instructions. Plaintiff was also instructed to comply with the Court's previous orders and instructions if he wished to proceed with his case. Plaintiff was again given fourteen (14) days to comply, and he was again advised that the failure to timely and fully comply with the Court's orders and instructions could result in the dismissal of this action. *See generally* Order, June 29, 2023, ECF No. 6.

The time for compliance has again passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's orders and instructions and otherwise failed to diligently prosecute his claims, this action is **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

**SO ORDERED**, this 27th day of July, 2023.

                                    S/ Marc T. Treadwell
                                    MARC T. TREADWELL, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.